UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

In re:  WILLIAM A MAYO, SR and TERESA G MAYO           Chapter 13
                                                      Case No:20-50337 KMS

OBJECTION TO CONFIRMATION OF
INITIAL PLAN

Comes now David Rawlings, Standing Chapter 13 Trustee who would show the Court the following for which relief is sought.  It is reasonably believed and the proof will show that the Chapter 13 petition and plan fail to comply with the following:

1.  11 U.S.C. §1325(a)(1). The plan does not comply with the provisions of Chapter 13 and with the other applicable provisions of the Bankruptcy Code **in that (a) the plan and schedules do not address the secured claims filed by Sheffield Financial (2019 Polaris Ranger) or FreedomRoad Financial (2016 Polaris Slingshot); (b) the trustee requests a more legible copy of the debtors' 2019 federal tax return, as well as the 2018 federal return.**

2.  11 U.S.C. §109(e). The debtor does not qualify for Chapter 13 relief **in that based upon priority and general unsecured claims scheduled and thus far filed, the debtors may not be eligible for Chapter 13 relief.**

3. 11 U.S.C. §1325(a)(4). Creditors would receive a greater distribution under a Chapter 7 proceeding **(a) due to non-exempt equity in homestead and personal property; (b) the schedules do not disclose or exempt the debtors' ownership interests in a 2019 Polaris Ranger or a 2016 Polaris Slingshot; (c) the trustee requests documentation which verifies the value of the Certificate of Deposit as indicated in Line 17.3 of Schedule A/B, as well as documentation evidencing that it is validly encumbered. Further, the trustee requests documentation which will substantiate the values of all vehicles listed on Lines 3.3 through 3.6 of Schedule A/B, as well as all collateral listed on Line 40 of Schedule A/B. Additionally, the trustee requests bank statements which will reflect date-of-filing balances for all accounts owned by the debtors.**

4. 11 U.S.C. §1325(b). Payments to be paid to unsecured creditors are inconsistent with disposable income **in that (a) the debtors are proposing to pay for a 2017 Chevy Silverado driven by a 37-year-old adult son who does not pay the debtors for the use of the vehicle or contribute to the household income. Likewise, the debtors are proposing to pay for a 2013 Toyota Corolla driven by an adult sister who does not pay for the use of the vehicle or contribute to the household income. These vehicles are, therefore, not necessary for an effective reorganization and should be surrendered; (b) the plan proposes that the debtors will assume numerous leases which they will pay directly. The plan, however, does not propose any step payments to begin upon the payoffs of these leases, all of which will be paid off during the 60-month applicable commitment period; (c) the trustee requests documentation which will substantiate Lines 3, 13, 14, 16, 18, and 21 of the Business Income and Expense addendum (docket #21). Further, the "depreciation" expense taken on Line 21 of the addendum should not be included in the calculation of net income as it is not an actual expense, but rather an expense used for tax purposes only; (d) based upon the Business Income and Expense addendum, Line 5 of Form 122C-1 overstates the actual expenses incurred by the debtors due to the inclusion of depreciation. Further, the expenses should be documented as requested in subpart c above. Additionally, the trustee objects to the following expenses on Form 122C-2: Line 9b fails to deduct the debtors' monthly mortgage payment; Lines 13b and 33b include an expense for an unnecessary vehicle driven by an adult sister; Lines 13e and 33c include an expense for an unnecessary vehicle driven by an adult son; and Line 35 is overstated compared to the priority amount reflected in the proof of claim filed. Finally, the trustee requests documentation which will reflect actual income earned and expenses incurred during the six full months prior to**

**filing; namely August 2019 through January 2020.**

Because the plan and petition fail to comply with applicable provisions of the Bankruptcy Code, the case should be dismissed pursuant to 11 U.S.C. §1307 or the confirmation should be denied and the debtor given an opportunity to submit a modified plan within reasonable time.

PREMISES CONSIDERED, David Rawlings, Standing Chapter 13 Trustee prays:

1. That the Court either dismiss the Chapter 13 case pursuant to 11 U.S.C. §1307, sustain the objection, or deny confirmation and grant the debtor a reasonable time in which to submit a modified plan.

2. The Trustee hereby objects to any amended plan filed hereafter.

3. That the Chapter 13 Trustee be granted such other and further relief to which he may be entitled.

Dated:  5/11/2020								/s/  David Rawlings
										David Rawlings
										Chapter 13 Trustee
										P.O. Box 566
										Hattiesburg, MS  39403
										(601) 582-5011

										drawlings@rawlings13.net

## CERTIFICATE OF SERVICE

	I, the undersigned, do hereby certify that I have on this day forwarded, a true and correct copy of the foregoing Objection, via the Court's ECF filing system, to: The U.S. Trustee, 501 East Court Street, Suite 6-430, Jackson, Mississippi  39201; and William Wesley Stover, Jr., 403 South State Street, Jackson, MS  39201.

	So certified on this 11th of May, 2020.

										/s/  David Rawlings
										David Rawlings